IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD McNEIL | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| v. | : | |
| | : | |
| DAVID J. WAKEFIELD, et al. | : | |
| | : | |
| Respondents. | : | NO. 05-3781 |

MEMORANDUM

**Baylson, J.**                                                                                                                              **April 27, 2006**

I.   **Introduction**

Petitioner Gerald McNeil ("Petitioner" or "McNeil") filed a *pro se* Petition for Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 on July 21, 2005. This Court referred the case to United States Magistrate Judge Linda K. Caracappa ("the Magistrate Judge") on October 26, 2005. On November 30, 2005, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 6) pursuant to 28 U.S.C. § 636(b)(1)(C) suggesting that this Court dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1). On December 7, 2005, Petitioner filed a response listing various objections to the R&R (Doc. No. 7), and the following day, the Philadelphia District Attorney's office filed a "Response to Petitioner's Response to Traverse" (Doc. No. 8). Finally, on December 19, 2005, the Petitioner submitted an additional document (Doc. No. 9) addressing the arguments in the District Attorney's latest filing. Upon independent and thorough consideration of the record and all filings in this Court, Petitioner's objections are overruled and the recommendations by the Magistrate Judge are accepted.

1

II.  **Background and Procedural History**

Following a jury trial in the Philadelphia Court of Common Pleas, McNeil was convicted of aggravated assault, attempted murder, and possessing an instrument of crime. He filed a direct appeal to the Superior Court of Pennsylvania and his judgment of sentence was affirmed by that court in an order dated March 30, 2001. See Commonwealth v. McNeil, 777 A.2d 506 (Pa. Super. Ct. 2001). No petition for Allowance of Appeal to the Pennsylvania Supreme Court was filed. McNeil is currently incarcerated in the State Correctional Institution at Greensburg, in Greensburg, Pennsylvania, where he is serving an aggregate sentence of eight to twenty years imprisonment.

In his federal habeas petition, McNeil asserted the following grounds: (1) the trial court erred in refusing to give jury instructions on mistake of fact; (2) the government engaged in prosecutorial misconduct, including the presentation of perjured testimony; (3) the police engaged in misconduct by presenting perjured testimony and in failing to give Miranda warnings; and (4) ineffective assistance of counsel. See Pet. at 9–10.

On November 21, 2005, the Respondents answered McNeil's habeas petition, arguing that it should be dismissed for untimeliness, since it was filed more than nine months after the expiration of the limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

III. **Summary of Magistrate Judge's Report and Recommendation and Petitioner's Objections**

The Magistrate Judge concluded in the R&R that this habeas corpus petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). R&R at 3–4. Specifically, the R&R

concludes that Petitioner's writ of habeas corpus is time-barred under AEDPA, since he failed to file his petition within one year from the date on which his judgment of conviction became final. The AEDPA amendments allow for tolling of the one-year statute of limitations for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C § 2244(d)(2).

The Magistrate Judge determined that Petitioner's state conviction became final on April 29, 2001 and that he did not file his first Pennsylvania Post-Conviction Relief Act ("PCRA") petition until March 14, 2002, thus using ten and a half months of his one-year statutory period. R&R at 3–4. Petitioner's statutory period again began to run on September 16, 2004, since he did not seek allocatur review after the denial of his PCRA petition was affirmed by the Superior Court of Pennsylvania on August 17, 2004. Id. at 4. Petitioner's statutory period expired on or about October 31, 2004, and his federal habeas petition was filed on August 10, 2005, over nine months past the statutory deadline. The Magistrate Judge therefore dismissed the request for relief as untimely without addressing its merits. Id. As for the doctrine of equitable tolling, the R&R determined that the Petitioner had not alleged, and the record did not support, a finding that the case presents "valid circumstances" requiring equitable tolling of the statute. Id.

In his objections to the R&R, Petitioner argues that two factors should bear on this Court's decision: (1) Petitioner was unaware of the conclusion of his state court appeal, and (2) after corresponding with his appellate attorney, Petitioner believed that he had one year from the date of the Superior Court decision affirming the PCRA denial to file his habeas petition in federal court. Petitioner contends that the late notice from his appellate attorney and the erroneous information he received from that attorney regarding the federal filing deadline should

3

require this Court to consider the merits of his federal habeas petition.

The Philadelphia District Attorney's office filed a "Response to Petitioner's Response to Traverse" advising the Court of case law holding that equitable tolling is not warranted when attorneys erroneously advise their clients as to filing deadlines for habeas petitions. The District Attorney's response also notes that even if the AEDPA statute was tolled until March 23, 2005 in order to account for the alleged delay in notification of the Superior Court's affirmation of the denial of the PCRA petition (plus the thirty days Petitioner would have had to seek allocatur), Petitioner still would have had only forty-five days thereafter, until May 7, 2005, to file a federal habeas petition. Because he did not file his federal petition until July 21, 2005, the District Attorney's office argues that Petitioner's federal habeas petition would still be untimely even with a generous period of tolling included to account for the alleged lack of notification.

Petitioner filed an additional response on December 19, 2005, again noting his reliance on his attorney's advice as to the federal filing deadline. Petitioner argues that he trusted and followed his attorney's advice and filed what he believed to be a timely petition in July 2005. As for the cases cited by the District Attorney's office, Petitioner notes that he was unable to perform any legal research but is by no means admitting a lack of legal support for his own position.

**IV.    Discussion**

The Court has carefully reviewed the Magistrate Judge's analysis of the various state and federal filings and their application to the tolling provisions of AEDPA. Because Petitioner took more than ten months after his state court conviction became final to file his PCRA petition, he was left with only forty-five days of the one-year AEDPA statutory period to file a federal habeas

petition. Thus, when Petitioner waited almost eleven months after the conclusion of state post-conviction proceedings to file his petition for federal habeas relief, it was more than nine months late. The Court thus agrees with the Magistrate Judge's determination that the petition in this case was untimely under 28 U.S.C. § 2244(d)(1).

Turning now to Petitioner's objections, the Court finds that the substance of his response concerns the doctrine of equitable tolling. Petitioner alleges that the lack of notice of the end of his state appeal and the advice he received from counsel concerning the federal filing deadline should result in a judicial application of the equitable tolling doctrine, and the merits of his petition should therefore be considered.

Looking first at the lack of notice as to the termination of his PCRA appeal, the Court finds that this is insufficient on its own to warrant invocation of the equitable tolling doctrine. Although Petitioner's PCRA lawyer acknowledged that his original attempt to notify Petitioner of the Superior Court's decision may have been unsuccessful, it is nonetheless clear that Petitioner was advised of the failed appeal by late February 2005. See February 21, 2005 Letter from Attorney Fulton to Petitioner, attached as Ex. to Pet's Resp. Even if the Court were to consider the AEDPA statute tolled until thirty days following receipt of the letter notifying him of his failed appeal (in order to allow for the allocatur deadline to pass), the deadline still would have expired forty-five days thereafter. Thus, by mid-May 2005, at the latest, the one-year AEDPA deadline would have passed, and Petitioner's July 19, 2005 habeas petition would still be untimely.[1]

---

[1] Ignoring the fact that the extended tolling period would not have assisted Petitioner in this case, a failure to notify a petitioner of a court's decision does not require the invocation of equitable tolling. See, e.g., Poller v. Kyler, 2003 WL 22025882, at *2 (E.D. Pa. Aug. 26, 2003) (holding attorney failure to notify habeas petitioner of state court decision is not a basis for equitable tolling).

As for Petitioner's attempt to invoke equitable tolling based on his attorney's erroneous advice concerning the federal filing deadline, the Court finds this argument unavailing. The Third Circuit has held that the one-year filing deadline contained in 28 U.S.C. § 2244(d)(1) can be subject to equitable tolling:

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Three sets of circumstances permitting equitable tolling are: "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). Looking at the facts of this case, there is no contention that the Respondents have actively misled the Petitioner, nor is there an argument that Petitioner timely asserted his rights but in the incorrect forum. Considering the contention that a petitioner was in some extraordinary way prevented from asserting his rights, the Third Circuit has held that "[i]n a non-capital case, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Petitioner argues that, because he relied on his attorney's advice that he had until August 17, 2005 to file his federal habeas petition, he is entitled to equitable tolling. He is incorrect. "Attorney error is not a basis for equitable tolling in the Third Circuit because it does not rise to the level of the extraordinary circumstances which must be present for equitable tolling to

6

apply." Manning v. Blaine, 2001 WL 1491066, at *2 (E.D. Pa. Nov. 20, 2001) (holding that equitable tolling was not warranted where attorney erroneously advised petitioner that he could file a timely federal habeas petition in the nine months after the AEDPA limitation period actually expired); see also Gaynor v. Kyler, 2003 WL 22597523, at *3 (E.D. Pa. Oct. 24, 2003) (holding that the plaintiff was unable to demonstrate in what "'extraordinary way [he has] been prevented from asserting his rights' as a result of attorney error, deception, or otherwise" and concluding that "[e]quitable tolling does not apply" (quoting Fahy, 240 F.3d at 244)).

Petitioner has failed to allege any grounds for equitable tolling in this case nor does the record support the invocation of that doctrine. Therefore, for the reasons stated by Magistrate Judge Caracappa, the Petition for Writ of Habeas Corpus will be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD McNEIL | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| DAVID J. WAKEFIELD, et al. | : | |
| Respondents. | : | NO. 05-3781 |

## ORDER

AND NOW, this 27th day of April, 2006, upon careful and independent consideration of the pleadings and the record herein, and after review of the Report and Recommendation of Linda K. Caracappa, United States Magistrate Judge, it is hereby ORDERED as follows:

1. The Report and Recommendation is APPROVED AND ADOPTED.

2. The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED with prejudice, as time-barred, under 28 U.S.C. § 2244(d)(1).

3. The Clerk shall close this case.

4. A certificate of appealability is DENIED.

BY THE COURT:

s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL\05-3781 McNeil v. Wakefield\McNeil v. Wakefield, 05-3781 Habeas.wpd